IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, A. FRANK DUNHAM and ELLIOT A. SEGAL as Trustees of the UNITED MINE WORKERS OF AMERICA 1992 BENEFIT PLAN<br>2121 K Street, NW<br>Washington, DC 20037<br><br>              Plaintiffs,<br>       v.<br><br>SAN-WEST COAL CO., INC.<br>a corporation<br>P.O. Box 1030<br>Bluefield, VA 24605<br><br>              Defendant. | Civil Action No. |

# C O M P L A I N T

1.	Plaintiffs, Michael H. Holland, Micheal W. Buckner, A. Frank Dunham and Elliot A. Segal are Trustees of the United Mine Workers of America 1992 Benefit Plan ("1992 Plan"). The Trustees are fiduciaries with respect to the 1992 Plan within the meaning of Section 3(21)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(21)(A). The Trustees conduct the business of the 1992 Plan at 2121 K Street, NW, Washington, DC 20037.

2.	The 1992 Plan is an irrevocable trust fund created pursuant to Section 9712 of the Coal Industry Retiree Health Benefit Act of 1992 ("the Coal Act"), 26 U.S.C. § 9712.

3.	The 1992 Plan is a Plan described in Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. §186(c)(5); an employee welfare benefit plan within the meaning of

Section 3(3) of ERISA, 29 U.S.C. § 1002(3); and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

4. Defendant San-West Coal Co., Inc. ("San-West") is or was a Virginia corporation, with an office and/or address at 356 S. College Avenue, P.O. Box 1030, Bluefield, VA 24605.

5. Jurisdiction is conferred on this Court by Section 9721 of the Coal Act, 26 U.S.C. § 9721; Section 4301(d) of ERISA, 29 U.S.C. § 1451(d); and Section 502(e) of ERISA, 29 U.S.C. § 1132(e).

6. Venue is proper in this district under Section 9721 of the Coal Act, 26 U.S.C. § 9721; Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), in that Plaintiffs administer their normal business activities within this district.

7. Defendant San-West is or was engaged in operating a certain coal mine, or mines, or coal mining business and/or transporting or cleaning coal.

8. Defendant San-West is a "1988 Last Signatory Operator" as that term is defined in Section 9712(d)(6) of the Coal Act, 26 U.S.C. § 9712(d)(6).

9. Pursuant to Section 9712(d)(1)(A) of the Coal Act, 26 U.S.C. § 9712(d)(1)(A), Defendant San-West is responsible for the payment of an annual prefunding premium based on Defendant's number of eligible and potentially eligible beneficiaries. Potentially eligible beneficiaries are certain persons currently covered by individual employer plans, the exact numbers of which are currently unknown by the 1992 Plan and known by Defendant.

10. By letter dated July 25, 2005, addressed to San-West, the 1992 Plan requested payment of the annual prefunding premium for plan years 1993, 1994, 1995, 1997, 1998, 1999, 2000, 2001, 2002, 2003 and 2004; and notified Defendant that unless payment was received within twenty (20) days, its failure to pay the required premium would be treated as a

2

delinquency by the 1992 Plan, for which it would seek payment of all amounts owed including interest, liquidated damages, attorney's fees and costs.

11. By letter date September 12, 2007, addressed to counsel for San-West, the 1992 Plan requested payment of the annual prefunding premium for plan years 1993, 1994, 1995, 1997, 1998, 1999, 2000, 2001, 2002, 2003 and 2004; and notified counsel for Defendant that unless payment was received within ten (10) days, its failure to pay the required premium would be treated as a delinquency by the 1992 Plan, for which it would seek payment of all amounts owed including interest, liquidated damages, attorney's fees and costs.

12. Defendant San-West has failed to provide the 1992 Plan with a completed Remittance Advice Form, reflecting the number of potentially eligible beneficiaries in Defendant's individual employer plan. Therefore, Defendant San-West has knowingly withheld information from the 1992 Plan, and the amount due and payable to the 1992 Plan may be subject to change.

13. The Defendant is liable for annual prefunding premiums based on each eligible and potentially eligible beneficiary for 1993, 1994, 1995, and 1997 through 2004 at the following rates:

| Year | Rate |
|---|---|
| 1993 | $82 |
| 1994 | $140 |
| 1995 | $121 |
| 1997 | $324 |
| 1998 | $364 |
| 1999 | $236 |
| 2000 | $158 |
| 2001 | $135 |
| 2002 | $399 |
| 2003 | $476 |
| 2004 | $431 |

14. The 1992 Plan has calculated San-West's delinquent prefunding premiums based on an estimated number of beneficiaries, as follows:

| Year | Rate | Beneficiaries (estimated) | Total |
|---|---|---|---|
| 1993 | $82 | 6 | $492 |
| 1994 | $140 | 6 | $840 |
| 1995 | $121 | 6 | $726 |
| 1997 | $324 | 6 | $1,944 |
| 1998 | $364 | 6 | $2,184 |
| 1999 | $236 | 6 | $1,416 |
| 2000 | $158 | 5 | $790 |
| 2001 | $135 | 5 | $675 |
| 2002 | $399 | 5 | $1,995 |
| 2003 | $476 | 5 | $2,380 |
| 2004 | $431 | 5 | $2,155 |
|  |  |  | $15,597 |

15. Defendant San-West's failure to make timely payments to the 1992 Plan has resulted in a delinquency for prefunding premiums for 1993, 1994, 1995, 1997 through 2004. The 1992 Plan has calculated the delinquency in the principal amount of $15,597. Thus, Defendant San-West has failed to discharge its obligation under Section 515 of ERISA, 29 U.S.C. § 1145, and Section 9712(d)(1)(A) of the Coal Act, 26 U.S.C. § 9712 (d)(1)(A), and has

caused the 1992 Plan to sustain loss of income, incur administrative and legal expenses and suffer immediate, continuing and irreparable injury. Plaintiffs are without an adequate remedy at law.

WHEREFORE, the Plaintiffs pray for the following relief:

a) A declaration that Defendant is liable for prefunding premiums for 1993, 1994, 1995, 1997 through 2004 in the principal amount of $15,597;

b) Judgment for the entire liability set forth in Paragraphs (a) plus interest thereon from the date such amount became due and owing, together with liquidated damages pursuant to Section 9721 of the Coal Act, 26 U.S.C. § 9721; Sections 502(g)(2), 515 and 4301(b) of ERISA, 29 U.S.C. § 1132(g)(2), 1145 and 1451(b), and for all amounts that become due during the pendency of this action;

c) An order requiring the Defendant San-West to submit completed Remittance Advice Forms reflecting the number of its potential beneficiaries, and Judgment to be awarded for the additional amounts due, based on the information contained on the Remittance Advice Forms;

d) Judgment for attorneys fees, and other costs and disbursements in this action;

e) A permanent injunction enjoining Defendant from failing to pay its annual prefunding premiums to the 1992 Plan;

f) That the Court retain jurisdiction of this case pending compliance with its orders; and

g) For such other and further relief as the Court may deem just.

Respectfully submitted,
David W. Allen
General Counsel
DC Bar #81638

*/s/ Larry D. Newsome*

Larry D. Newsome
Associate General Counsel
DC Bar #254763

*/s/ Kathleen B. Burns*

Kathleen B. Burns
Senior Associate Counsel
DC Bar #492460

UMWA HEALTH & RETIREMENT FUNDS
2121 K Street, NW
Washington, DC  20037
Telephone:  (202) 521-2233
Attorneys for Plaintiffs

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Michael H. Holland, Micheal W. Buckner, A. Frank Dunham & Elliot A. Segal as Trustees of the United Mine Workers of America 1992 Benefit Plan

**DEFENDANTS**

San-West Coal Co., Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Larry D. Newsome, Associate General Counsel
Kathleen B. Burns, Senior Associate Counsel
UMWA Health & Retirement Funds
2121 K Street, N.W. Suite 350
Washington, D.C. 20037
(202) 521-2233

ATTORNEYS (IF KNOWN)

Mary Lou Smith
Hower, Anderson & Steyer, P.C.
Suite 620
815 Connecticut Avenue, N.W.
Washington, D. C. 20006
(202) 296-5680

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ◉ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Trustee action for delinquent contributions under the Coal Industry Retiree Health Benefit Act of 1992, 26 USC 9701 & ERISA, 29 USC 1001 et seq.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  11/6/07    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.